IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2007 JUN -6 P 3: 15
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

| | |
|---|---|
| MANUEL MORENO-SALAZAR, Petitioner, vs. UNITED STATES OF AMERICA, Respondent. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:07-CV-305 TC<br><br>Criminal Case No. 2:06-CR-645 TC |

On May 9, 2007, federal prisoner Manuel Moreno-Salazar filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. He seeks a court order vacating or modifying the sentence he received in United States v. Manuel Moreno-Salazar, Case No. 2:06-CR-645-TC.

For the reasons set forth below, Mr. Moreno-Salazar's § 2255 Motion is DENIED.

### ANALYSIS

Mr. Moreno-Salazar is claiming that the sentence imposed was excessive. As supporting facts, Mr. Moreno-Salazar states that he has lived in the United States for most of his adult life and that his family will struggle to survive during the time he is locked up. That he is "rehabilitated;" was law-abiding for ten years and wants the chance to prove this. Mr. Moreno-Salazar cites no other grounds for bringing the motion to vacate, set aside or correct his sentence.

Mr. Moreno-Salazar's § 2255 Motion must be denied because he has waived his right to collaterally attack his sentence under § 2255. Specifically, in his Statement in Advance of Plea of Guilty, he agreed to the following:

> I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence was determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255, except on the basis of ineffective assistance of counsel.

(Statement of Def. in Advance of Plea of Guilty (Dkt # 14, 2:06 CR 645 TC) at ¶ 10(b).)

Mr. Moreno-Salazar does not cite ineffective assistance of counsel in challenging his sentence. His waiver is valid because the evidence shows that it was entered voluntarily, knowingly and intelligently. See, e.g., United States v. Cockerham, 237 F.3d 1179, 1181-83 (holding that express waiver of § 2255 rights in plea agreement is enforceable when petitioner is challenging the sentence and the plea and waiver were knowingly and voluntarily made); United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002) (holding that right to § 2255 collateral attack only survives waiver if petitioner claims ineffective assistance of counsel with respect to the plea agreement).

## ORDER

For the foregoing reasons, Manual Moreno-Salazar's § 2255 Motion is DENIED.

DATED this 6th day of June, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge